UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION


BRIAN JOHNNIE BONNER,

                            Plaintiff,

v.                                                      CASE NO. 14-10196
                                                        HON. GERALD E. ROSEN
ROMULUS POLICE DEPARTMENT,
OFFICER HAYNES, OFFICER PERKINS,
DAVEE HUNTER, WASHTENAW COUNTY
PAROLE OFFICE, CHAD DUFFING,
PATRICK CLARK, TANZE TABB, ALEXIS KRAFT,
LINCOLN PARK PAROLE OFFICE, ADRIAN L. GREEN,
WASHTENAW COUNTY PAROLE OFFICE,
CLINTON BRADLEY, CHARLES E. EGELER
RECEPTION AND GUIDANCE CENTER,
HEIDI WASHINGTON, INSPECTOR LINDSAY,
KIM CARGOR, ARUS MARTIN, DEPUTY
WARDEN KIPP, OFFICER REED, LIBRARIAN
HANCOCK, THE CITY OF ROMULUS,
and JOHN/JANE DOE(S),

                            Defendants.
_____/

**OPINION AND ORDER
DISMISSING ALL THE DEFENDANTS EXCEPT
OFFICERS  HAYNES AND PERKINS,
DIRECTING SERVICE OF THE COMPLAINT ON HAYNES AND PERKINS,
DENYING PLAINTIFF'S MOTIONS TO ADD DEFENDANTS AND CLAIMS**
(Dkt. #3, Dkt. #7, and Dkt. #17),
**DENYING PLAINTIFF'S MOTION FOR A PROTECTIVE ORDER** (Dkt. #23),
**DENYING PLAINTIFF'S MOTION FOR EMERGENCY RELIEF** (Dkt. #28) **and
DENYING, WITHOUT PREJUDICE (1) MOTION FOR EXTENSION OF TIME
TO FILE NEW COMPLAINT AND (2) PETITION FOR HABEAS CORPUS**
(Dkt. #47 and Dkt. # 48)


**I.  Introduction and Background**


On January 8, 2014, plaintiff Brian Bonner, a state prisoner at Ionia Maximum

Correctional Facility in Ionia, Michigan, filed a *pro se* civil rights complaint for money damages and injunctive relief from various government entities and officials and a private citizen.  The complaint, along with Plaintiff's subsequent motions and requests, raised numerous issues about events that ranged in time from 2002 to 2013.  Some of the allegations pertained to Plaintiff's arrests and charges that he violated the conditions of parole.  Other allegations concerned the conditions of Plaintiff's confinement in jail or prison.  Because the complaint asserted multiple unrelated claims spanning different times and places, the Court ordered Plaintiff on April 21, 2014, to file an amended complaint of no more than three pages with a short and plain statement of his claims.

On May 29, 2014, Plaintiff filed a document titled "Amended Claims," and on June 16, 2014, he filed another amended complaint.  *See* Dkt. #25 and #26.  The first amended complaint (Dkt. #25) lists the following entities and individuals as defendants: the Romulus Police Department; Romulus police officers Perkins and Haynes; Davee Hunter; state correctional officer T. Taylor; Washtenaw County parole agents Chad Duffing and Patrick Clark; parole supervisors Tanze Tabb and Alexis Kraft; the University of Michigan; and law examiner Adrian L. Greene.

The Court understands the amended complaints to allege that, in 2012, Plaintiff ended his personal relationship with defendant Davee Hunter due to Ms. Hunter's threats to send Plaintiff to prison under false pretenses and to have Plaintiff killed for cheating on her by associating with other women.  Ms. Hunter threatened Plaintiff with a knife at his job and subsequently used her office equipment at the University of Michigan to "hack"

2

Plaintiff's e-mail and Facebook accounts.  She also altered a photograph of Plaintiff to make it appear as though he was holding a handgun.  In addition, Ms. Hunter spread false statements that Plaintiff had AIDS, and she threatened to have Plaintiff returned to prison if he reported her conduct.  Plaintiff was arrested after Ms. Hunter accused him of domestic violence even though she later admitted that her accusation was false.

Plaintiff reported Ms. Hunter's threats to his parole agent, defendant Patrick Clark, but Clark failed to document the threats or notify his supervisor and the parole board that he was transferring Plaintiff to a residence outside the county.  Ms. Hunter obtained Plaintiff's new address from Clark, and on March 3, 2013, she allegedly sent two or three people to Plaintiff's residence to rob and kill him.  Plaintiff fled the residence and dove into a nearby homeowner's open window to avoid being shot by his assailants.  Police officers Haynes and Perkins arrested Plaintiff and allowed the suspects to escape.  According to Plaintiff, the officers kicked and assaulted him while he was handcuffed, lying face down, and complying with the officers' commands.  The officers also deprived Plaintiff of water and medical attention after he hyperventilated and had a seizure.  And, during the booking process, unnamed officers shoved Plaintiff into a filthy cell where he was denied medical care and required to lie in his own feces, urine, and blood.  He was charged with entering without permission and violating the conditions of parole by being in Wayne County.

Plaintiff was released from custody, but defendant Clark and the Romulus Police Department neglected to document the release.  This resulted in another charge of

violating the conditions of parole.

Meanwhile, Ms. Hunter provided additional false information about Plaintiff to a state district court judge. She also acknowledged being involved in the incident that resulted in Plaintiff's arrest. Plaintiff notified defendant Clark of Ms. Hunter's involvement in the incident that resulted in his arrest, but Clark advised Plaintiff not to report the matter to the police because it would cause trouble for Clark who had permitted Plaintiff to transfer to another residence. Clark also extorted cash payments from Plaintiff and served Plaintiff with a notice of parole violations even though he recognized that Ms. Hunter's allegations were false.

At the parole violation hearing, defendants Clark and Chad Duffing allegedly provided false testimony, and defendant Adrian Green would not allow Plaintiff's attorney to be present. Defendant Green ultimately held Plaintiff accountable for possessing a gun. Green's ruling was based on the photograph that Ms. Hunter allegedly altered.

The amended complaints further allege that, on January 13, 2014, defendant T. Taylor falsified a prison misconduct report against Plaintiff for assault and battery. Plaintiff claims that he was found not guilty of the charge after a hearing examiner viewed a videotape of the incident. Defendant Taylor allegedly retaliated against Plaintiff by threatening to have him assaulted or stabbed. According to Plaintiff, an inmate carried out the threat.

## II. Analysis

4

Under Federal Rule of Civil Procedure 21, "the court may at any time, on just terms, add or drop a party. The court may also sever any claim against a party." Although "joinder of claims, parties and remedies is strongly encouraged," *United Mine Workers of America v. Gibbs*, 383 U.S. 715, 724 (1966), "[t]he manner in which a trial court handles misjoinder lies within that court's sound discretion," and "dismissal of claims against misjoined parties is appropriate." *Michaels Bldg. Co. v. Ameritrust Co., N.A.,* 848 F.2d 674, 682 (6th Cir. 1988). "Unrelated claims against different defendants belong in different suits . . . ." *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007).

Plaintiff has joined defendants and claims that involve different facts, different periods of time, and different legal standards. His amended complaints (Dkt. #25 and Dkt. #26) raise issues regarding Ms. Hunter's threats and defamatory statements, Plaintiff's arrest and the arresting officers' treatment of him, the parole violation proceedings, and a totally unrelated incident about an allegedly false prison misconduct report. In addition to those claims, Plaintiff is attempting to join still other claims and defendants. For example, in his request for a preliminary injunction (Dkt. #28), Plaintiff alleges that a correctional officer named Robinson fabricated a misconduct ticket against him for inciting a riot and creating a disturbance on June 28, 2014. And in a "declaration of evidence" (Dkt. #38), Plaintiff alleges that, in November of 2013, correctional officer T. Taylor read Plaintiff's personal mail. The Court finds that Plaintiff's claims are improperly joined and that dismissal of the unrelated claims, rather than severance, is the better course.

Accordingly,

IT IS ORDERED that all of Plaintiff's claims, except his allegations about police officers Haynes and Perkins, are dismissed without prejudice.  The remaining claims and defendants are dismissed without prejudice.

IT IS FURTHER ORDERED that the motion to add correctional officer T. Taylor as a defendant (Dkt. #3) is DENIED because the Court is limiting Plaintiff's claims to the allegations of police brutality and denial of medical care by defendants Haynes and Perkins, which out of events that allegedly occurred after he had been released on parole and before he was returned to prison as a result of his parole violation.  Plaintiff's allegations concerning Officer Taylor concern events that arose after Plaintiff was returned to prison. For the same reason,

IT IS ORDERED that the following motions are denied:  Plaintiff's motion to add defendants Cynthia Vanlay, Michelle Risley, and Jason Golightly as defendants (Dkt. #17); Plaintiff's motion for a protective order and temporary restraining order regarding Patrick Clark, Chad Duffing, and Clinton Bradley (Dkt. #23); and Plaintiff's request for an emergency preliminary injunction regarding the prison misconduct reports (Dkt. #28).

IT IS FURTHER ORDERED that the motion to add the City of Romulus and its police department (Dkt. #7) as defendants and to include additional claims against these entities is denied.  The additional claim alleges a violation of the State's speedy trial provision.  Such claims are more appropriate in a habeas corpus petition, following exhaustion of state remedies.  Furthermore, Plaintiff has not shown that the alleged

6

constitutional violations resulted from a municipal policy or custom. *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 694 (1978); *Burgess v. Fischer*, 735 F.3d 462 , 478 (6th Cir. 2013). To the extent Plaintiff is seeking to hold the City responsible for Haynes' and Perkins' conduct, his claim fails because "a municipality cannot be held liable under § 1983 on a *respondeat superior* theory." *Monell*, 436 U.S. at 691. Stated differently, "[a] municipality 'may not be sued under § 1983 for an injury inflicted solely by its employees or agents.' " *Burgess v. Fischer*, 735 F.3d at 478 (quoting *Monell*, 436 U.S. at 694). As for the police department, it "is not a legal entity against whom a suit can be directed." *Laise v. Utica*, 970 F. Supp. 605, 608 (E.D. Mich. 1997).

IT IS FURTHER ORDERED that Plaintiff's September 17, 2014 Motion for an Extension of Time to file a new "amended" complaint to allege claims arising in April - September 2014 during Plaintiff's current incarceration is DENIED, WITHOUT PREJUDICE. Plaintiff may elect to file an new complaint as a separate action. The Court expresses no view as to the merits of the claims he proposes to allege.

IT IS FURTHER ORDERED that Plaintiff's September 22, 2014 Petition for a Writ of Habeas Corpus is DENIED, WITHOUT PREJUDICE. A petition for a writ of habeas corpus must be brought in a separate action, not as part of an action under 42 U.S.C. § 1983.

IT IS FURTHER ORDERED that the United States Marshal shall serve the appropriate papers on defendants Haynes and Perkins without prepayment of the costs for such service. The Marshal shall provide the necessary addresses and may collect the

usual and customary costs from Plaintiff after effecting service.

IT IS FURTHER ORDERED that Plaintiff shall serve a copy of all future documents on defendants Haynes and Perkins or on defense counsel if legal counsel represents the defendants.  Plaintiff shall attach to all original documents filed with the Clerk of the Court a certificate stating the date that Plaintiff mailed a copy of the original document to the defendants or to defense counsel.  The Court will disregard any paper received by a district judge or a magistrate judge if the paper has not been filed with the Clerk or if it fails to include a certificate of service.

SO ORDERED.

s/Gerald E. Rosen
Chief Judge, United States District Court

Dated:  September 30, 2014

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on October 7, 2014, by electronic and/or ordinary mail.

s/Julie Owens
Case Manager, (313) 234-5135