UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTICT OF MICHIGAN
SOUTHERN DIVISION

BRIAN JOHNNIE BONNER,

                Plaintiff,          Civil Action No.: 14-10196

                                    Honorable Gerald E. Rosen

v.                              Magistrate Judge Elizabeth A. Stafford

ROMULUS POLICE
DEPARTMENT, *et al.*,

                Defendants.

_____/

## ORDER DENYING PLAINTIFF'S MOTIONS TO APPOINT COUNSEL [29, 30, 36, 66, 68], DENYING MOTIONS FOR DISCOVERY [11, 63, 64], DENYING MOTION FOR EXTENSION OF TIME [60], AND STRIKING VARIOUS FILINGS [27, 31, 33, 34, 35, 37, 38, 39, 40, 41, 42, 43, 44, 45, 46, 51, 52, 61, 62, 67, 69]

On September 30, 2014, the Honorable Gerald E. Rosen dismissed all of plaintiff Brian Bonner's claims against all defendants except his claims of Fourth, Fifth and Eighth Amendments violations against police officers Haynes and Perkins (hereinafter "Defendants"). [53]. Bonner alleges that Defendants falsely arrested him, used excessive force, and inflicted cruel and unusual punishment by causing him to hyperventilate and have a seizure by overheating the squad car, denying him water and medical attention, and forcing him to lie in his own blood and feces in a cell without a working toilet or toilet paper. Bonner additionally claims that he was denied access the phone to contact an attorney. Defendants deny the

allegations in their answer to the complaint.  Discovery has not yet
commenced.

Bonner has filed numerous motions, requests and other documents,
many of which do not conform either to the Federal Rules of Civil
Procedure or the Local Rules of this district.  Judge Rosen's order disposed
of some, but not all of these filings.  On January 7, 2015, the above-
captioned matter was reassigned to the undersigned for all pretrial matters
pursuant to 28 U.S.C. §§ 636(b)(1)(A) and (B).  The Court now addresses
the remaining filings.

### A.   Motions to Appoint Counsel or Guardian Ad Litem

In several filings, Bonner requests the appointment of counsel or a
guardian ad litem.  [29, 30, 36, 66, 68].  In support, he says that that he has
been diagnosed with mental conditions that make it difficult for him to
litigate and that prison staff have retaliated against him by intercepting his
mail and denying him access to the law library, thereby preventing him from
fully litigating his case.

Pursuant to 28 U.S.C. § 1915(e)(1), "[t]he court may request an
attorney to represent any person unable to afford counsel."  Appointment of
counsel under § 1915(e)(1) is not a constitutional right; a district court is
vested with broad discretion to determine whether "exceptional

circumstances" warrant such an appointment. *Lavado v. Keohane*, 992 F.2d 601, 604-606 (6th Cir. 1993). In order to make that determination, the Court considers the type of case involved, the party's ability to represent himself, the complexity of the case, and whether the claims being presented are frivolous or have a small likelihood of success. *Id.* Appointment of counsel pursuant to § 1915(e)(1) is rare because "there are no funds appropriated to pay a lawyer or to even reimburse a lawyer's expense." *Clarke v. Blais*, 473 F. Supp. 2d 124, 125 (D. Me. 2007).

Under Federal Rule of Civil Procedure 17(c)(2), "[t]he court must appoint a guardian ad litem—or issue another appropriate order—to protect a minor or incompetent person who is unrepresented in an action." Consideration of an appointment under Rule 17(c)(2) is triggered if a court is "presented with evidence from an appropriate court of record or a relevant public agency indicating that the party [has] been adjudicated incompetent, or if the court received verifiable evidence from a mental health professional demonstrating that the party is being or has been treated for mental illness of the type that would render him or her legally incompetent." *Ferrelli v. River Manor Health Care Ctr.*, 323 F.3d 196, 201 (2d Cir. 2003). See also *Powell v. Symons*, 680 F.3d 301, 307 (3d Cir. 2012) (same).

3

The Court finds that Bonner has not shown exceptional circumstances meriting the appointment of counsel pursuant to § 1915(e)(1) at this juncture.  Bonner's numerous filings demonstrate that he has had adequate access to the court, and his remaining claims do not appear too complex for him to litigate. The Court further finds that, although Bonner has been diagnosed with mood and personality disorders that impact his "emotions, behaviors and conduct," [30, Pg ID 418], he has not been adjudged to be incompetent and his filings suggest that he understands the nature of his claims.  For these reasons, Bonner's motions to appoint counsel or a guardian ad litem **[29, 30, 36, 66, 68]** are **DENIED WITHOUT PREJUDICE**.

### B.    Motions for Discovery

Bonner has filed motions for discovery, but Defendants only answered his complaint in November 2014 and no scheduling order is yet in place.  Furthermore, Bonner may not file a motion for discovery before serving his requests on the opposing party and in conformity with Federal Rules of Civil Procedure 26 and 45.  If Defendants oppose Bonner's discovery requests or fail to answer them timely, he may then seek relief

4

from the Court.  Therefore, Bonner's motions for discovery **[11, 60,[1] 63, 64]**
are **DENIED**.

### C.     Motion for Extension of Time and Response to Defendants' Answer to Complaint

On November 19, 2014, Bonner moved for an extension of time to
respond to Defendants' answer.  [60].  Before this motion was addressed
by the Court, Bonner filed a response to Defendants' answer. [61].
However, under the Federal Rules of Civil Procedure, a response to an
answer is "allowed" only "if the court orders one."  Fed. R. Civ. P. 7(a)(7).
The Court did not order Bonner to respond to Defendant's answer or
affirmative defenses, so his motion for an extension of time **[60]** is
**DENIED,** and his response to Defendant's answer **[61]** is **STRICKEN.**

### D.     Miscellaneous Filings

In addition to the above motions and requests, Bonner has filed
myriad other documents with the Court, most of which do not conform to
the Federal Rules of Civil Procedure or the Local Rules of this district.  For
instance, Bonner filed a number of documents totaling hundreds of pages
that purport to be evidence that supports his case.  [27, 33, 37, 38, 39, 40,
41, 42, 43, 44, 45, 46, 62].  The submission of evidence in this manner is

---

[1] This document was a motion for an extension of time to file a response to
Defendants' answer, but Bonner requested discovery in it as well.

improper.  Evidence may be offered to the Court only when the parties engage in dispositive motion practice or during trial.

Further, pursuant to Judge Rosen's September 30 order, this case is limited to the allegations that Defendants Haynes and Perkins violated Bonner's Fourth, Fifth and Eighth Amendment rights.  Bonner's numerous filings allege claims of ongoing retaliation by persons who have never been or are no longer defendants in this case are improper.  [31, 34, 35, 51, 52, 67, 69].  To the extent that Bonner wishes to add new claims or defendants, he must request leave to amend his complaint pursuant to Federal Rule of Civil Procedure15.

Thus, these other miscellaneous filings **[27, 31, 33, 34, 35, 37, 38, 39, 40, 41, 42, 43, 44, 45, 46, 51, 52, 62, 67, 69]** are **STRICKEN** as being irrelevant to the present case before the Court and for not conforming to the Federal or Local rules.  Bonner is warned that any further filings of this type will be stricken without further notice and he is advised to consult the rules and limit his future filings to the types of motions and responses that are in accordance therewith.

**IT IS SO ORDERED.**

Dated: February 19, 2015                     s/Elizabeth A. Stafford
Detroit, Michigan                            ELIZABETH A. STAFFORD
                                             United States Magistrate Judge

6

## **NOTICE TO THE PARTIES REGARDING OBJECTIONS**

The parties' attention is drawn to Fed. R. Civ. P. 72(a), which

provides a period of fourteen (14) days from the date of receipt of a copy of

this order within which to file objections for consideration by the district

judge under 28 U.S. C. §636(b)(1).

## **CERTIFICATE OF SERVICE**

The undersigned certifies that the foregoing document was served
upon counsel of record and any unrepresented parties via the Court's ECF
System to their respective email or First Class U.S. mail addresses
disclosed on the Notice of Electronic Filing on February 19, 2015.

s/Marlena Williams
MARLENA WILLIAMS
Case Manager