UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTICT OF MICHIGAN
SOUTHERN DIVISION

BRIAN JOHNNIE BONNER,
        Plaintiff,           Civil Action No.: 14-10196
                                  Honorable Gerald E. Rosen
v.                                Magistrate Judge Elizabeth A. Stafford

ROMULUS POLICE
DEPARTMENT, *et al.*,

        Defendants.
_____/

**REPORT AND RECOMMENDATION TO DENY PLAINTIFF'S REQUESTS FOR A TEMPORARY RESTRAINING ORDER, PRELIMINARY INJUNCTION, WITNESS PROTECTION AND PROTECTIVE CUSTODY
[12, 50, 56, 67, 68]**

Before the Court are Plaintiff Brian Bonner's motions for temporary restraining order, preliminary injunction, witness protection and protective custody.[1]  [12, 50, 56, 67, 68].  On September 30, 2014, the Honorable Gerald E. Rosen dismissed all of Bonner's claims against all defendants except his claims of Fourth, Fifth and Eighth Amendment violations against police officers Haynes and Perkins.  [53]. Judge Rosen instructed that any claims or requests for injunctive relief pertaining to Bonner's current incarceration would need to be asserted (if at all) in a separate action.

---

[1] On January 7, 2015, this case was reassigned to the undersigned for all pretrial matters pursuant to 28 U.S.C. §§ 636(b)(1)(A) and (B).

[*See Id.,* Pg ID 1355-56].

All of the instant motions request injunctive relief that pertain to Bonner's current incarceration, contrary to Judge Rosen's September 30 order. Therefore, the Court **RECOMMENDS** that Bonner's motions for temporary restraining order, preliminary injunction, witness protection and protective custody be **DENIED [12, 50, 56, 67, 68]**.

Dated: February 19, 2015            s/Elizabeth A. Stafford

Detroit, Michigan                             ELIZABETH A. STAFFORD
                                              United States Magistrate Judge

### NOTICE TO THE PARTIES REGARDING OBJECTIONS

Either party to this action may object to and seek review of this Report and Recommendation, but must act within fourteen days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1) and Fed.R.Civ.P. 72(b)(2). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Secretary of HHS*, 932 F.2d 505 (6th Cir. 1991)*; United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). Filing objections which raise some issues but fail to raise others with specificity will not preserve all objections that party might have to this Report and Recommendation. *Willis v. Secretary of HHS*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987). A copy of any objection

must be served upon this Magistrate Judge.  E.D. Mich. LR 72.1(d)(2).

Each **objection must be labeled** as "Objection #1," "Objection #2," etc., and **must specify** precisely the provision of this Report and Recommendation to which it pertains.  Not later than fourteen days after service of objections, **the non-objecting party must file a response** to the objections, specifically addressing each issue raised in the objections in the same order and labeled as "Response to Objection #1," "Response to Objection #2," etc.  The response must be **concise and proportionate in length and complexity to the objections**, but there is otherwise no page limitation.

## CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on February 19, 2015.

s/Marlena Williams
MARLENA WILLIAMS
Case Manager
