UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTICT OF MICHIGAN
SOUTHERN DIVISION

BRIAN JOHNNIE BONNER,
        Plaintiff,         Civil Action No.: 14-10196
                                     Honorable Gerald E. Rosen
v.                                   Magistrate Judge Elizabeth A. Stafford

ROMULUS POLICE
DEPARTMENT, *et al.*,

        Defendants.
_____/

## ORDER RECONSIDERING ORDER DENYING PLAINTIFF'S MOTIONS TO APPOINT COUNSEL [70],

On February 19, 2015, this Court denied *pro se* plaintiff Brian Bonner's multiple motions to appoint counsel and a guardian ad litem, finding that his numerous filings demonstrated that he had sufficient access to the Court and was capable of litigating his case at the present stage. [70]. The Court further found that Bonner did not require appointment of a guardian since he had not been rendered legally incompetent and his mental illness did not appear to interfere with his ability to understand the nature of his claims. *Id.* Since the date of that order, Bonner has filed two additional memoranda, one of which clearly raises questions about his

continued ability to represent himself. In his latest memorandum,[1] he alleges deliberate interference on the part of correctional officers with his access to the courts through destruction of legal documents and refusal to provide him with a copy of his prison account information to permit him to file a complaint against the officers in federal court. [73, Pg. ID 1627-31]. He also alleges that these same correctional officers (who are not parties to this case) have assaulted him and recruited other inmates to do the same, and that he has been placed in segregation on false charges of assault, rendering him unable to take the actions necessary to properly litigate his case. *Id.* If these allegations are true, certain of these actions would be considered clear violations of Bonner's constitutional right to access the courts. However, the Court is unable to test the veracity of these claims because they are lodged against non-parties to this action.

Even if not true, however, these claims appear to call into question Bonner's ability to represent himself, as he has been advised on multiple occasions that he is to limit filings in this Court to the claims and parties presently pending in this action – something he continually fails to do

---

[1] The Court had already struck Bonner's other memorandum based on its previous order warning Bonner that filings not comporting to the Federal or Local rules, or specifically dealing with the remaining parties or claims at issue, would be stricken. [70, Pg. ID 1619; 72].

despite these admonishments. [53, Pg. ID 1355-57; 70, Pg. ID 1619; 72]. The Court is therefore concerned that Bonner may be incapable of understanding the nature of his claims or the rules of law, and is actually unable to represent himself at this juncture. As such, the Court has reconsidered its order denying Bonner appointment of counsel.

Rule 54(b) permits a Court, "at any time" to reconsider an interlocutory order. *See Mallory v. Eyrich*, 922 F.2d 1273, 1282 (6th Cir. 1991). The Sixth Circuit has outlined three justifications for such reconsideration: "(1) an intervening change of controlling law; (2) new evidence available; or (3) a need to correct a clear error or prevent manifest injustice." *Rodriguez v. Tenn. Laborers Health & Welfare Fund*, 89 Fed. Appx. 949, 959 (6th Cir. 2004) (citation omitted). As discussed above, the Court finds that new evidence, in the form of Bonner's recent memorandum, justifies this Court's reconsideration of its prior order denying him appointment of counsel.

Pursuant to 28 U.S.C. § 1915(e)(1), "[t]he court may request an attorney to represent any person unable to afford counsel." Appointment of counsel under § 1915(e)(1) is not a constitutional right; a district court is vested with broad discretion to determine whether "exceptional circumstances" warrant such an appointment. *Lavado v. Keohane*, 992

F.2d 601, 604-606 (6th Cir. 1993). In order to make that determination, the Court considers the type of case involved, the party's ability to represent himself, the complexity of the case, and whether the claims being presented are frivolous or have a small likelihood of success. *Id.* Appointment of counsel pursuant to § 1915(e)(1) is rare because "there are no funds appropriated to pay a lawyer or to even reimburse a lawyer's expense." *Clarke v. Blais*, 473 F. Supp. 2d 124, 125 (D. Me. 2007).

As noted above, because Bonner continues to be unable to conscribe his filings to the case at hand and because, if true, his allegations would demonstrate interference with not only his constitutional right to prosecute this case but his right to file any other case, the Court finds that exceptional circumstances exist warranting the appointment of counsel on his behalf. For these reasons, the Court **VACATES IN PART** its prior order **[70]** to the extent it denied Bonner appointment of counsel, and **ORDERS** that counsel be appointed for him.

**IT IS SO ORDERED.**

Dated: March 25, 2015           s/Elizabeth A. Stafford
Detroit, Michigan               ELIZABETH A. STAFFORD
                                United States Magistrate Judge

### NOTICE TO THE PARTIES REGARDING OBJECTIONS

The parties' attention is drawn to Fed. R. Civ. P. 72(a), which

provides a period of fourteen (14) days from the date of receipt of a copy of this order within which to file objections for consideration by the district judge under 28 U.S. C. §636(b)(1).

## CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on March 25, 2015.

                                    s/Marlena Williams
                                    MARLENA WILLIAMS
                                    Case Manager