UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTICT OF MICHIGAN
SOUTHERN DIVISION

BRIAN JOHNNIE BONNER,
        Plaintiff,         Civil Action No.: 14-10196
                                  Honorable Gerald E. Rosen
v.                               Magistrate Judge Elizabeth A. Stafford

ROMULUS POLICE
DEPARTMENT, *et al.*,

        Defendants.
_____/

## ORDER DENYING MOTION TO APPOINT [R. 83] AND STRIKING FILINGS [R. 78, 80, 81, 82, 84]

On September 30, 2014, the Honorable Gerald E. Rosen dismissed all of plaintiff Brian Bonner's claims against all defendants except his claims of Fourth, Fifth and Eighth Amendments violations against police officers Haynes and Perkins (hereinafter "Defendants"). [R. 53]. Despite the circumscribed nature of this case, Bonner has repeatedly filed motions and other documents related to matters outside of this case, namely retaliation he has been allegedly experiencing at the hands of non-party Michigan Department of Corrections ("MDOC") officers. In February 2015, this Court issued an order denying and/or striking the majority of these filings and cautioning Bonner to limit his filings to the matter at issue, and conform them to the Federal and Local rules, lest they be stricken. [R. 70].

Subsequent to that order, the Court ordered that counsel be appointed for Bonner, due to a concern about his mental stability. [R. 74]. Approximately one week ago, Bonner was paroled and is no longer in MDOC custody.[1]

Bonner's most recent filings include a "request and or motion to admit exhibits, affidavit, documents, discovery and material evidence" related to his claims of retaliation by non-party MDOC officials, a motion to admit evidence related to the same, a statement documenting continued retaliation, a request to order discovery and a letter alleging that Bonner was continuing to be incarcerated despite his parole (Bonner was paroled one day after this letter was filed). [R. 78, 80, 81, 82, 84]. He also moves this Court for the appointment of specific counsel with whom he has corresponded. [R. 83]. For reasons stated in this Court's February 2015 order, and because Bonner has been granted the benefit of counsel, his motions and filings **[R. 78, 80, 81, 82, 84] are STRICKEN**.

Regarding his motion to appoint counsel, Bonner is not entitled to demand that specific counsel be appointed for him, as recognized by counsel's letter to Bonner. [R. 83, PgID 1854]. It is the duty of the Court to determine appropriate and willing counsel. The Court will take into

---

[1] *See* MDOC Offender Tracking Information System, http://mdocweb.state.mi.us/OTIS2/otis2profile.aspx?mdocNumber=397095, last accessed May 27, 2015.

consideration the letter Bonner presents in assessing the willingness of counsel.  However, his motion to appoint counsel **[R. 83]** is otherwise **DENIED**.

**IT IS SO ORDERED.**

| | |
|---|---|
| Dated: May 27, 2015<br>Detroit, Michigan | s/Elizabeth A. Stafford<br>ELIZABETH A. STAFFORD<br>United States Magistrate Judge |

### NOTICE TO THE PARTIES REGARDING OBJECTIONS

The parties' attention is drawn to Fed. R. Civ. P. 72(a), which provides a period of fourteen (14) days from the date of receipt of a copy of this order within which to file objections for consideration by the district judge under 28 U.S. C. §636(b)(1).

### CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on May 27, 2015.

> s/Marlena Williams
> MARLENA WILLIAMS
> Case Manager