UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

BRIAN BONNER,

        Plaintiff,        CASE NO. 14-10196
                               HON. DENISE PAGE HOOD

v.

OFFICER HAYNES,
OFFICER PERKINS,

        Defendants.
_____/

**ORDER REGARDING MOTIONS IN LIMINE [#136; #137]**

**I.    BACKGROUND**

On January 8, 2014, Plaintiff Brian Bonner ("Bonner") filed a *pro se* civil rights Complaint against various government entities and officials and a private citizen. (Doc # 1) All claims were dismissed without prejudice except the allegations against Defendants Romulus Police Department Officers Haynes ("Haynes") and Perkins ("Perkins"). (Doc # 53) The Court appointed counsel to represent Bonner on March 23, 3016. (Doc # 103) On April 20, 2016, Bonner filed a First Amended Complaint against Haynes and Perkins alleging violations of his rights under the Fourth, Fifth, and Fourteenth Amendments. (Doc # 108) A jury trial is scheduled for April 4, 2017. This matter is now before the Court on

several Motions in Limine filed by Defendants and Bonner. (Doc # 136; Doc # 157) The Motions have been fully briefed.

Bonner asserts Fourth, Fifth, and Fourteenth Amendment claims under 42 U.S.C. § 1983 arising out of his arrest and subsequent detention on March 3, 2013. According to Bonner, he arrived home that evening and saw assailants who looked like they would cause him bodily harm. He fled and dove into a nearby house through an open window to avoid being shot by his assailants. Officers Haynes and Perkins reported to the scene and arrested Bonner instead of arresting Bonner's assailants, allowing them to escape. The officers handcuffed Bonner, and Bonner complied with their commands. Nevertheless, Haynes and Perkins repeatedly stomped, kicked, and assaulted Bonner.

According to Bonner, the officers then took him to the police department and denied him water and medical attention even though Bonner had hyperventilated. Bonner claims that Haynes and Perkins were deliberately indifferent to Bonner's serious medical need despite his plea to go to the hospital, sense that he was about to have a seizure, and actually having a seizure. Haynes and Perkins shoved Bonner into a filthy cell where he was denied medical care and required to lie down in his own urine, feces, and blood. Haynes and Perkins recommended that Bonner be charged with a "Burglary-Forced Entry" misdemeanor. The following day, Bonner was taken to an arraignment hearing in

a pink gown and in a wheelchair. After the hearing, he was transferred to Clinton County Jail where he was kept until March 20, 2013 when he was released on his own recognizance. The misdemeanor charge was dropped.

Bonner alleges that, as a result of Defendants' use of excessive force and their failure to summon medical assistance when requested by Bonner, Bonner now suffers from Lumbago spine pain, sciatica pain, chronic back pain, pinched nerves, muscle spasms, arthritis, mood disorder, paranoia, and emotional distress.

Defendants stipulate to the fact that Haynes and Perkins arrested Bonner on March 3, 2013 and were acting under color of state law when they did so. Otherwise, Defendants deny all of Bonner's claims and allegations.

Through the instant Motions in Limine, Defendants seek to exclude evidence of Defendants' past alleged misconduct or disciplinary actions, as well as evidence of Romulus Police Department's general orders, polices or procedures. Bonner seeks to exclude reference to the name of Bonner's past felony conviction.

## II. ANALYSIS

### A. Defendants' Motion to Exclude Evidence of Defendants' Past Alleged Misconduct or Disciplinary Actions

Defendants seek to exclude evidence of Defendants' past alleged misconduct or disciplinary actions because such evidence is not relevant and would be more prejudicial than probative.

Bonner responds that he does not intend to offer such evidence as exhibits but reserves the right to use such evidence for impeachment at trial based on the testimony of each Defendant.

Rule 401 of the Rules of Evidence defines relevant evidence as evidence having "any tendency" to make a fact that is of consequence to the determination of the action "more or less probable than it would be without the evidence." The standard set forth in Rule 401 is a liberal one. *Churchwell v. Bluegrass Marine, Inc.*, 444 F.3d 898, 905 (6th Cir. 2006). "[E]ven if a district court believes the evidence is insufficient to prove the ultimate point for which it is offered, it may not exclude the evidence if it has the slightest probative worth." *United States v. Whittington*, 455 F.3d 736, 738-39 (6th Cir. 2006) (citation omitted).

Rule 404(b)(1) states that "[e]vidence of a crime, wrong, or other act is not admissible to prove a person's character in order to show that on a particular occasion the person acted in accordance with the character." Rule 404(b)(2) states that this "evidence may be admissible for another purpose, such as proving motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, or lack of accident. Fed. R. Evid. 404(b).

The Court finds that evidence of Defendants' past alleged misconduct or disciplinary actions is not relevant. Such evidence has no probative value as to whether Haynes and/or Perkins used excessive force against Bonner on March 3,

4

2013, or as to whether they were deliberately indifferent to Bonner's medical needs. Defendants note, and the Court agrees, that the need for impeachment evidence of Defendants' prior misconduct or discipline would only arise if Plaintiff's Counsel inquired on these topics, which are not relevant. Bonner has not shown that any of Defendants' past alleged misconduct or disciplinary actions would be admissible for any permissible purpose under Rule 404(b). The Court grants Defendants' motion to exclude evidence of Defendants' past alleged misconduct and disciplinary actions.

### B. Defendants' Motion to Exclude Evidence of Romulus Police Department's General Orders, Policies, or Procedures

Defendants seek to exclude evidence of Romulus Police Department's general orders, polices or procedures because such evidence is immaterial to the question of whether a constitutional violation has been established. Defendants note that there are no municipal defendants in this case.

Bonner responds that it seeks to introduce one document, the Romulus Police Department "Official Order # 32.00.00 Prisoners and Lockup Operations issued on June 1, 2012 to show that Defendants acted in conformity with the procedure of the Romulus Police Department. Bonner was placed in cell # 2, and Order # 32.00.00 states that cell # 2 "will be used for prisoners whose actions or medical conditions requires them to be separated from the normal lock-up

population for their safety, police personnel safety, or to maintain hygienic conditions."

A review of the Joint Final Pretrial Order shows that (1) which cell Boner was placed in, and (2) who put him in that cell remain questions of fact. The Court finds that if Bonner can establish at trial that Haynes and/or Perkins placed him in cell # 2, then Official Order # 32.00.00 may be relevant to whether Haynes and Perkins were deliberately indifferent to Bonner's medical needs, and may be more probative than prejudicial.

Otherwise, the Court finds that evidence of Romulus Police Department's general orders, polices or procedures is not relevant to Bonner's claims, given that the City of Romulus is not a defendant in this action. Such evidence has no probative value as to whether Haynes and/or Perkins used excessive force against Bonner on March 3, 2013, or as to whether they were deliberately indifferent to Bonner's medical needs.

The Court denies in part, without prejudice, Defendants' motion to exclude evidence of Romulus Police Department's general orders, policies, and procedures as to Official Order # 32.00.00 only. Otherwise, the Court grants in part Defendants' motion to exclude evidence of Romulus Police Department's general orders, policies, and procedures.

6

### C. Bonner's Motion to Exclude Reference to the Name of Felony Conviction

Bonner seeks to exclude reference to the name of his past felony conviction as more prejudicial than probative. In 2002, Bonner was convicted of the felony of Unarmed Robbery and of the misdemeanor of Unlawfully Driving Away an Automobile. Bonner is still on parole for the Unarmed Robbery conviction. He was discharged from the misdemeanor in 2002. Bonner proposes that the jury be informed only that Bonner has been convicted of one felony, but not of the name of that felony because the name would be more prejudicial than probative.

Defendants offer no objection to Bonner's proposal but request that the Court suspend judgment on this issue until trial. Defendants assert that this conviction could be crucial for assessing potential non-economic damages.

The Court grants in part Bonner's Motion to Exclude Reference to the Name of Felony Conviction as agreed to by the parties. The Court denies in part, without prejudice, Bonner's Motion to Exclude Reference to the Name of Felony Conviction as to the non-economic damages argument.

### III. CONCLUSION

For the reasons set forth above,

IT IS HEREBY ORDERED that Defendants' Motion in Limine (Doc # 136) is GRANTED IN PART and DENIED IN PART WITHOUT PREJUDICE as to Romulus Police Department's Official Order # 32.00.00 only.

IT IS FURTHER ORDERED that Bonner's Motion in Limine to Exclude Reference to the Name of the Felony Conviction (Doc # 137) is GRANTED IN PART as agreed to by the parties, and DENIED IN PART WITHOUT PREJUDICE as to the non-economic damages argument only.

S/Denise Page Hood
Denise Page Hood
Chief Judge, United States District Court

Dated: March 22, 2017

I hereby certify that a copy of the foregoing document was served upon counsel of record on March 22, 2017, by electronic and/or ordinary mail.

S/LaShawn R. Saulsberry
Case Manager